**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOMAS C. JOHNSON-RICHARDSON,

Plaintiff,

-against-

JEFFREY BRYANT,

Defendant.

26-CV-564 (JMF) (OTW)

**OPINION AND ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

Defendant moved to stay this action pending resolution of his motion to dismiss the complaint. (*See* ECF 62). As discussed below, there is good cause for a stay, and so Defendant's motion is **GRANTED**.

## I. Background

On September 4, 2025, Plaintiff filed his complaint against Defendant, alleging, *inter alia*, that on February 9, 2021, Defendant fraudulently registered a trademark for "LaBeija," a name that Plaintiff alleges he has been using since 1985. (ECF 1). Defendant filed his motion to dismiss the complaint on August 14, 2026. (ECF 60).

On August 22, 2026, Plaintiff served twenty-five interrogatories and forty requests for production on Defendant. (ECF 62-1).

Defendant filed a motion to stay discovery pending the motion to dismiss on August 28, 2026. (ECF 62).

**II. There is Good Cause to Stay Discovery**

Fed. R. Civ. P. 26(c) allows the Court to issue orders that "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for "good cause." "In some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3–4 (S.D.N.Y. Apr. 26, 2018) (citations and quotation marks omitted). A motion to dismiss is not enough to justify a stay absent "substantial arguments for dismissal." *Id*. at *4 (citations and alteration omitted). "The burden is on the movant to establish that a stay is warranted." See e.g. *Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (citation omitted). When determining the strength of a movant's application, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 26[c][1]).

Here, Plaintiff's discovery sought is particularly broad and burdensome. He seeks sixty-five discovery requests reaching back to 1968. Additionally, as Defendant notes, Plaintiff seeks information with dubious relevance to his claims, including information about Plaintiff's financial records and his creation of the LaBeija crest, neither of which are at issue in this case. (See ECF 1).

Additionally, because Defendant's motion to dismiss has been fully briefed, a limited stay pending the Court's decision on the motion to dismiss will not significantly prejudice

Plaintiff.

Finally, Defendant's motion to dismiss may dispose of or significantly narrow Plaintiff's claims. Defendant raises several issues with Plaintiff's complaint, including: Plaintiff does not allege any commercial use of the "LaBeija" name as required for a common-law trademark infringement claim; there is no "cyberbullying" cause of action; and, 15 U.S.C. § 1119—the purported basis for Plaintiff's cancellation claim—does not provide an independent cause of action for cancellation claims. (See ECF 60).

Accordingly, there is good cause to stay discovery. Defendant's motion to stay discovery pending the motion to dismiss is **GRANTED**.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: November 13, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge